UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND WILLIAMS,

      Plaintiff,

v.                                 Case No. 23-13302

MASTRONARDI PRODUCE,      Sean F. Cox
LTD., d/b/a SUNSET FOODS,      United States District Court Judge

      Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff filed this civil action against her alleged current employer, asserting a federal race-discrimination claim and several state-law claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA").  The matter is currently before the Court on a Motion to Compel Arbitration and Dismiss, filed by the named Defendant.  The matter has been briefed by the parties and the Court heard oral argument on July 25, 2024.

In this motion, Defendant first contends that Plaintiff "sued the wrong entity."  The motion asserts that Defendant is a Canadian corporation and the parent company to the Michigan corporation that actually employs Plaintiff in Livonia, Michigan.  Defendant further contends that regardless of which entity employs Plaintiff, and even if they both do, her claims are subject to mandatory arbitration in any event because Plaintiff signed an agreement to arbitrate.  Plaintiff states that she "does not recall" signing the arbitration agreement produced by Defendant.  The Court concludes that Plaintiff has not met her burden of showing the making of the arbitration is "at issue," such that a trial on that issue would be required.

1

Nevertheless, while the claims asserted by Plaintiff in this case fall within the broad

scope of that arbitration agreement, Plaintiff's response directs the Court to 9 U.S.C. § 402(a).

That is a newly-effective federal statute that prohibits the forced arbitration of sexual harassment

and sexual assault claims.  Because the statute is so new, there are few decisions interpreting it

and no appellate court decisions.  An important issue raised by the statute is:  if a single case

includes both claims of sexual harassment and other kinds of claims (as is the situation here),

does the EFAA preclude enforcement of an otherwise applicable arbitration agreement as to the

whole case or just the sexual harassment claim?  There are district court decisions going both

ways.  This Court shall follow the current majority view, that is based upon the statute's express

language, and rules that the EFAA precludes arbitration of this whole case.  Thus, the Court

denies Defendant's motion to compel in its entirety, and shall allow all claims to proceed in this

case.

## BACKGROUND

On December 29, 2023, Plaintiff Diamond Williams ("Plaintiff") filed this suit against

her alleged current employer.  The action was filed in federal court based upon both federal-

question and diversity jurisdiction.  (Compl. at 2).

Plaintiff's Complaint names one Defendant: "Defendant Mastronardi Produce, Ltd.

('Defendant')," a "Canadian corporation" that is alleged to do business in Michigan.  (Compl. at

¶ 2).  Plaintiff alleges that she "was first employed by Defendant on or about February 4, 2020."

(Compl. at ¶ 7).

The body of Plaintiff's Complaint includes the following six claims: 1) "Racial

Discrimination in Violation of 42 USC § 1981" (Count I); 2) Race Discrimination in violation of

Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count II);  3) Retaliation in Violation of

the "ELCRA (Gender)" (Count III); 4) Retaliation in Violation of the "ELCRA (RACE)" (Count

IV); 5) "Gender/Sexual Harassment/Discrimination" in Violation of the ELCRA (Count V); and

6) Race Discrimination in Violation of the ELCRA (Count VI).

On March 3, 2024, Defendant filed a Motion to Compel Arbitration and Dismiss.  (ECF

No. 7).

In support of its motion, Defendant directs the Court to a copy a written agreement that

was electronically signed by Plaintiff on February 3, 2020.  (ECF No. 7-1).  The agreement

applies to "the Mastronardi Group of Companies (including Mastronardi Produce-USA, Inc. its

subsidiaries and affiliates."  (*Id*. at PageID.53).  It provides, in pertinent part:

> To provide for more expeditious resolution of certain employment-related
> disputes that may arise between Mastronardi and you, Mastronardi has adopted
> this Dispute Resolution Program & Time Limit for Claims Agreement
> ("Agreement").
>
> Under this Agreement, unless you opt out of the benefits of this Agreement,
> certain disputes that may arise from your employment with Mastronardi or the
> termination of your employment must (after appropriate attempts to resolve your
> dispute internally through Management channels) be submitted for resolution by
> non-binding mediation and, if necessary, mandatory arbitration.  Further, all
> employment claims must be brought individually and not as a group or class; the
> dispute resolution program provided herein is generally much faster and more
> efficient than the court process.
>
> By submitting certain employment disputes for resolution by private mediation
> and (if necessary) arbitration, you acknowledge that this Agreement is given in
> exchange for rights to which you are not otherwise entitled, namely, your
> employment or continued employment as a Mastronardi employee. Mastronardi
> likewise agrees to the use of mediation and arbitration as set forth in this
> Agreement as the exclusive forum for resolving disputes arising out of your
> employment with the Companies.
>
> Unless prohibited by state or federal law, or unless you opt out of the benefits of this
> Agreement, this is the exclusive resolution of any claim between you and Mastronardi,

3

and both you and Mastronardi are precluded from bringing or raising in court or another forum not expressly referenced herein, any dispute that was or could have been brought or raised under the procedures set forth in this Agreement.

(*Id*.).  The agreement explains that the Mastronardi Dispute Resolution Program "consists of four

phases for resolving workplace disputes:

Phase 1: Use of the Mastronardi Open Door Policy (Problem Resolution)
Phase 2: Review by a Human Resources Representative
Phase 3: Non-binding Mediation
Phase 4: Mandatory Arbitration

(*Id*. at PageID.53-54).  It further states:

THE MASTRONARDI EMPLOYEE DISPUTE RESOLUTION PROGRAM IS
THE SOLE MEANS OF RESOLVING EMPLOYMENT-RELATED DISPUTES
BETWEEN YOU AND THE COMPANIES OR YOU AND ANOTHER
EMPLOYEE, INCLUDING DISPUTES FOR LEGALLY PROTECTED
RIGHTS SUCH AS FREEDOM FROM DISCRIMINATION,
RETALIATION OR HARASSMENT, CLAIMS UNDER THE FMLA,
AMERICANS WITH DISABILITIES CIVIL RIGHTS ACT, OR OTHER
STATE OR FEDERAL EMPLOYMENT LAWS, AND CLAIMS FOR UNPAID
WAGES AND OVERTIME IN ADOPTING THIS PROGRAM,
MASTRONARDI ALSO AGREES TO ITS TERMS.

(*Id.* at PageID.54).  The agreement states that "[i]f an employee files a lawsuit involving claims

covered by the Program, the Companies will ask the court to dismiss the lawsuit and refer it to

arbitration."  (*Id*.).

The agreement allowed the employee to opt in to the Dispute Resolution Program or opt

out of it.  Plaintiff selected the box to opt into the program, that corresponds to the following

paragraph:

By checking the box below, Employee agrees to receive the benefits of the
Dispute Resolution Program. Employee further agrees to submit all disputes with
the Companies arising out of the employment context, including but not limited,
claims related to Employee's hire, employment and separation, as well as any
other claims Employee may have against the Companies which arise during
Employee's employment, through the Program within 180 days of any

employment claim.  Employee further agrees to bring all claims as an individual
and not to participate in a multi-employee, class or collective action.

(ECF No. 7-1 at PageID.57).

In support of its motion, Defendant also submitted a signed and sworn Declaration from

Krista Shaw, the "Senior Director of Human Resources for Defendant Mastronardi Produce,

Ltd."  (ECF No. 7-2).  Shaw states that "Plaintiff has never been an employee of Mastronardi

Produce, Ltd."  She further states that:

> 5.    As part of my role, I oversee human resources for Mastronardi Produce,
>       Ltd. and the Dispute Resolution Program (the Program) which applies to
>       Mastronardi Produce, Ltd. and its affiliates.
> 6.    The Program consists of four phases for resolving employment disputes:
>       (1) use of the open-door policy; (2) review by a Human Resources
>       Representative, (3) non-binding mediation; and (4) mandatory arbitration.
> 7.    The Program is voluntary and allows individuals to opt in or to opt out.
> 8.    I declare under penalty of perjury under the laws of the United States of
>       America that the foregoing is true and correct.

(ECF No. 7-2).

Plaintiff opposes Defendant's motion, asserting that it is her belief that the parties never

entered into a valid arbitration agreement.  Plaintiff states that she "does not recall signing an

arbitration clause," and claims that "she would not have signed an arbitration agreement without

further explanation of what arbitration is and how her rights were affected."  (Pl.'s Br. at 14).  In

support of her position, Plaintiff submitted a "Declaration Of Diamond Williams" wherein she

states "I do not recall seeing any document entitled 'Dispute Resolution Program & Time Limit

for Claims,'" "I further do not recall signing any 'Dispute Resolution Program & Time Limit for

Claims Acknowledgement and Election Form,'" and "I do not recall ever seeing or otherwise

opening the alleged agreement."  (ECF No. 8-2).

**ANALYSIS**

Defendant's motion assert that Plaintiff sued the wrong corporate entity.  (Def.'s Br. at

1).   Defense counsel asserts that "Mastronardi Produce Ltd. is a Canadian corporation and

parent company to Mastronardi Produce-USA, Inc., which has its own workforce and is the

employer of Plaintiff."  (*Id*.).  Defendant asserts that "Mastronardi Produce-USA, Inc.

('MPUSA') is a separate corporation organized under the laws of the State of Michigan."

(Def.'s Br. at 2).  It asserts that Plaintiff "is employed by MPUSA, as a Production Supervisor at

the Company's headquarters in Livonia, Michigan."  (*Id*).

Defendant further asserts that any "amendment to add Mastronardi Produce-USA, Inc.

would be futile" because, regardless of which entity employed her, her claims in this action are

subject to arbitration.[1]   Defendant's opening brief therefore asserts that: 1) there is a binding

agreement to arbitrate signed by Plaintiff; and 2) all claims asserted by Plaintiff in this case are

covered by the agreement and subject to mandatory arbitration.

In response, Plaintiff makes two arguments: 1) Plaintiff is not bound by the agreement to

arbitrate because she does not recall signing the agreement and there is no mutuality of assent;

and 2) Plaintiff cannot be compelled to arbitrate her claims in this case, in light of 9 U.S.C. §

402, because her claims include a claim for sexual harassment.  The Court shall address these

arguments in turn.

"Although the Federal Arbitration Act requires a court to summarily compel arbitration

upon a party's request, the court may do so only if the opposing side has not put the making of

---

[1]Defendant's motion asserts that this action should be dismissed for lack of personal
jurisdiction over the sole named Defendant.  But the opening brief contains no real analysis of
Defendant's contacts with Michigan (or lack thereof), as it maintains that, regardless of which
entity Plaintiff sued, the claims in this case are subject to arbitration.

the arbitration contract 'in issue.'  9 U.S.C. § 4." *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 835 (6th Cir. 2021).

Where, as here, the non-movant disputes the existence of an agreement to arbitrate, the district court is to evaluate whether the non-movant has "adequately challenged the making of the contract using the standards that apply on summary judgment." *Id*.  In *Boykin,* the Sixth Circuit explained that this "analogy to summary judgment provides the right way to assess a motion to compel arbitration under § 4.  The question whether the party opposing arbitration has put the making of the arbitration contract 'in issue' looks a lot like the question whether a party has raised a 'genuine issue as to any material fact.'" *Id.*  Thus, the Sixth Circuit has "held that Rule 56's standards govern whether a court should hold a trial under § 4 when a party alleges that no contract exists." *Id.*

If a district court finds that a genuine issue of fact exists as to whether the parties agreed to arbitrate, the "Federal Arbitration Act requires the district court to 'proceed summarily to the trial' of the disputed fact questions.  9 U.S.C. § 4." *Boykin*, 3 F.4th at 844.

## I.      Is The Making Of The Arbitration Agreement "In Issue?"

The first issue to be determined here is whether Plaintiff (the non-movant) "adequately put in 'issue'" whether she accepted the arbitration agreement under the standards of Fed. R. Civ. P. 56.  *Boykin*, 3 F.4th at 839.

Defendant has the initial duty to present evidence that allows a trier of fact to find all required elements of a contract, including Plaintiff's acceptance.  Defendant has met that burden by introducing a properly-signed Declaration from HR Director Krista Shaw and a hard copy of the written arbitration agreement that bears Plaintiff's alleged signature.

In order to establish a genuine dispute over whether she accepted the Arbitration Agreement, Plaintiff has to "present 'specific facts, as opposed to general allegations,' that would allow a rational trier of fact to find that she did not" sign the Arbitration Agreement. *Id*.

Plaintiff attempts to meet her burden with her own purported "Declaration," wherein she states that she "does not recall" seeing or signing the arbitration agreement.

Like the situation presented in *Downing v. Valicor Env. Svs., LLC*, 2023 WL 7285139 (E.D. Mich. Nov. 3, 2023),[2] there are two problems with Plaintiff's evidentiary showing in response to the pending motion.

First, Plaintiff's purported "declaration" lacks Plaintiff's personal signature.

In determining whether Plaintiff has created an genuine issue of fact as to whether an agreement to arbitrate exists, this Court may consider any proper affidavits or declarations that Plaintiff submits to the Court.

"By definition, an affidavit is a sworn statement in writing made under an oath or an affirmation *before an authorized officer*. *Sfakianos v. Shelby Cnty. Gov't,* 481 F. App'x 244, 245 (6tth Cir. 2012) (emphasis added). In addition, an unsworn declaration submitted under 28 U.S.C. § 1746, can be considered, so long as "it is signed, dated, and recites that it was signed 'under the penalty of perjury.'). *Id.*

Here, the purported "Declaration" that Plaintiff filed as Exhibit B to her brief does not bear Plaintiff's personal signature. Rather, it contains only an "s-slash" electronic signature.

---

[2]The same firm that represented the plaintiff in that case represents the plaintiff in this case.

In *Blount*, the Sixth Circuit affirmed the district court's decision to exclude two affidavits that the plaintiff had submitted in support of a summary judgment motion. In doing so, it explained that the first purported affidavit submitted by the plaintiff "was not a proper declaration under 28 U.S.C. § 1746 because it was unsworn and filed with [the plaintiff's] electronic signature rather than his personal signature." *Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 515 (6th Cir. 2022); *see also Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6tth Cir. 2012) (upholding district court's exclusion of unsigned document because it did not comply with § 1746); *Johnson v. Ford Motor Co.*, 2019 WL 78893 at *7 n.3 (E.D. Mich. 2019) (Ruling that the plaintiff's declaration is not admissible because it "contains only an electronic signature" and noting that this Court's Electronic Filing Policies and Procedures require that ""An affidavit, declaration or paper containing the signature of a non-attorney shall be scanned and filed electronically."); *Foster v. AFNI, Inc.*, 2020 WL 1531651 at *3 (E.D. Mich. 2020) (Declining to consider electronically signed declaration). Accordingly, the Court does not consider Plaintiff's purported declaration.

Second, even if Plaintiff's purported declaration had been properly signed by Plaintiff, it is insufficient to create an issue of fact in any event.

In *Boykin,* the Sixth Circuit addressed the "question about what kinds of 'denials' create a genuine dispute of fact." *Boykin*, 3 F.4th at 839. It explained that "[d]ecisions that have addressed this question provide helpful guideposts." *Id.*

"On the one hand, convenient memory lapses do not create factual disputes that are genuine." *Id.* (collecting cases). Thus, a party "cannot expect to obtain a trial under § 4 simply by testifying that the party does not 'remember' signing an arbitration contract or receiving

information about arbitration." *Id*. at 840.

"On the other hand, an 'unequivocal denial' that takes the form of admissible 'evidence' can create a genuine dispute of fact." *Id*.  This means that a party "might be able to obtain a trial under § 4 with a sworn denial" that the party ever signed an arbitration agreement.  That was the scenario presented in *Bazemore v. Papa John's U.S.A., Inc*., 74 F.4th 795 (6th Cir. 2023). In that case, the district court compelled arbitration despite the plaintiff having submitted a signed declaration wherein he unequivocally swore, under oath, that he had never seen the arbitration agreement at issue.

A similar result was seen in *Boykin*.  In that case, the district court granted a motion to compel arbitration despite the non-movant plaintiff having provided an affidavit that included language about lacking a recollection of arbitration, but also denying that he accepted an arbitration contract by stating "I unequivocally did not consent to, sign, acknowledge or authorize any type of arbitration agreement with [Family Dollar] on or after July 15, 2013, or at any time." *Boykin, supra*, at 840.

Here, Plaintiff has not provided evidence of the kind of unequivocal denial that was seen in cases like *Boykin* or *Bazemore*.  Rather, Plaintiff's Declaration states she "does not recall" having signed the arbitration agreement.  Those statements, even if they had been included in a properly-signed Declaration, are not sufficient to create a genuine issue of fact, warranting a trial on the issue of whether an arbitration agreement exists.

## II.      Are The Claims Asserted By Plaintiff Arbitrable?

While the claims asserted by Plaintiff fall within the broad scope of the arbitration agreement, Plaintiff's response asserts that her claims in this case are not subject to arbitration

because of 9 U.S.C. § 402(a).

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021

("the EFAA") is a recent amendment to the Federal Arbitration Act.  It provides, in relevant part:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable *with respect to a case* which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a) (emphasis added).

Because the EFAA is so new, there are few decisions interpreting it.  *See*

*Papacontantinou-Bauer v. Jackson Hosp. & Clinic, Inc.*, 2024 WL 1158362 (M.D. Ala. March

18, 2024) (Federal courts have not yet had much opportunity to interpret the EFAA. Indeed, this

court could not find a single opinion issued by any United States Court of Appeals that cites the

Act at all.)

As courts have begun to apply the EFAA, however, an important issue has arisen, given

the use of the term "case" in its statutory language.  The issue raised is: if a single case includes

both claims of sexual harassment/assault and other kinds of claims (as is the situation here), does

the EFAA preclude enforcement of an otherwise applicable arbitration agreement as to the whole

case or just the sexual harassment/assault claims?

Plaintiff contends that the EFAA applies to this whole case and that means the Court

must deny the motion to compel in its entirety.  (*See* Pl.'s Br. at 11) (asserting the EFAA

"applies to the entire 'case.'").

Defendant disagrees.  It concedes that the Court cannot compel Plaintiff to arbitrate her

sexual harassment claim brought under the ELCRA. But it contends the Court can, and should, compel Plaintiff to arbitrate all of her other claims raised in her Complaint in this case. (*See* Def.'s Reply Br.).

The case law reflects that there have been two different approaches taken in federal district courts thus far.

Several district courts interpreting the EFAA have concluded, based upon the statute's use of the term "case," that the EFAA precludes arbitration of the whole case, so long as the complaint includes a plausible sexual harassment/assault claim. That approach was taken in the following district court cases: *Johnson v. Everyrealm, Inc.*, 657 F.Supp.3d 535 (S.D. N.Y. 2023) (The "Court construes the EFAA to render an arbitration clause unenforceable as to the entire case involving a viably pled sexual harassment dispute, as opposed to merely the claims in the case that pertain to the alleged sexual harassment," and denying motion to compel arbitration, leaving all claims to proceed in the district court.); *Delo v. Paul Taylor Dance Found.*, 685 F.Supp.3d 173 (S.D. N.Y. 2023); *Turner v. Tesla, Inc.*, 686 F.Supp.3d 917 (N.D. Calf. 2023); *Yost v. Everyrealm, Inc*., 657 F.Supp.3d 563 (S.D. N.Y. 2023).

This Court has found, and Defendant has cited, one district court that reached the opposite conclusion. *Mera v. SA Hospitality Group, LLC*, 675 F.Supp.3d 442 (S.D. N.Y. 2023) (arbitration agreement was unenforceable as to hostile work environment claim but employee was compelled to arbitrate his other claims). The *Mera* court concluded that "[t]o hold otherwise would permit a plaintiff to elude a binding arbitration agreement" with respect to wholly unrelated claims that have nothing to do with sexual harassment or sexual assault. *Id.*

Experts in this area have noted that this issue, which has not yet been addressed by any

appellate court, will very likely be a matter for the United States Supreme Court to decide.  *See Expert Insights – The Arbitrability of Non-Sexual Harassment Claims Under the "Ending Forced Arbitration Of Sexual Harassment And Sexual Assault Act,*" 2023 WL 6423570 (C.C.H.).

Plaintiff's Complaint in this case includes a plausible claim of sexual harassment.  This Court shall follow the majority of the district courts that have addressed this issue, and rules that the EFAA precludes arbitration of this whole case – especially given that Plaintiff's sexual harassment and racial discrimination claims are at least somewhat intertwined in this particular case.  (*See, eg.* Pl.'s Compl. at ¶¶ 21, 37 & 63).

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's motion seeking to compel arbitration is DENIED and that all of Plaintiff's claims shall proceed in this action.

IT IS SO ORDERED.


Dated:  August 22, 2024                                   s/Sean F. Cox
                                                          Sean F. Cox
                                                          U. S. District Judge