UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND WILLIAMS,

    Plaintiff,

v.       Case No. 23-13302

MASTRONARDI PRODUCE,       Sean F. Cox
LTD., d/b/a SUNSET FOODS,       United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S CONDITIONAL MOTION TO AMEND**
**AND CONVERTING DEFENDANT'S MOTION FOR JUDGMENT ON THE**
**PLEADINGS INTO A SUMMARY JUDGMENT MOTION**

Plaintiff filed this action asserting employment discrimination claims against her alleged employer, Defendant "Mastronardi Produce Ltd, d/b/a Sunset Foods." The matter is currently before the Court on two motions: 1) Defendant's Motion for Judgment on the Pleadings; and 2) Plaintiff's "Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion To Dismiss."

The parties have fully briefed Plaintiff's motion and the Court concludes that oral argument on it is not necessary. Local Rule 7.1(f). For the reasons below, the Court DENIES Plaintiff's motion.

With respect to Defendant's motion, that Court shall consider matters outside of the pleading (including, but not limited to, the Shaw Declaration attached to Defendant's Answer) and convert the motion into a summary judgment motion. Pursuant to Fed. R. Civ. P. 12(d), the Court shall allow both parties to file supplemental briefs, along with all outside materials

1

pertinent to the motion. They shall do so no later than November 22, 2024, and this Court shall endeavor to keep the current motion hearing date of December 5, 2024, for oral argument on Defendant's motion.

**BACKGROUND**

On December 29, 2023, Plaintiff Diamond Williams ("Plaintiff") filed this suit against Defendant Mastronardi Produce, Ltd., a Canadian corporation. The action was filed in federal court based upon both federal-question and diversity jurisdiction. (Compl. at 2).

Plaintiff's Complaint includes the following six claims: 1) "Racial Discrimination in Violation of 42 USC § 1981" (Count I); 2) Race Discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count II);  3) Retaliation in Violation of the "ELCRA (Gender)" (Count III); 4) Retaliation in Violation of the "ELCRA (Race)" (Count IV); 5) "Gender/Sexual Harassment/Discrimination" in Violation of the ELCRA (Count V); and 6) Race Discrimination in Violation of the ELCRA (Count VI).

On March 3, 2024, Defendant filed a Motion to Compel Arbitration and Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2). (ECF No. 7). In it, Defendant asserted, as a factual matter, that Plaintiff had "sued the wrong entity." But Defendant argued that, regardless of which entity employs Plaintiff, her claims are subject to mandatory arbitration in any event because Plaintiff signed an agreement to arbitrate.

This Court heard oral argument on the motion on July 25, 2024. During oral argument, this Court inquired about Defendant's assertion that Plaintiff had sued the wrong entity in this case and asked if Plaintiff was seeking to amend:

> THE COURT:   I want to deal with . . . the assertion that the plaintiff sued the wrong entity.  I'm not sure of the plaintiff's position.  Do you need to amend or are you satisfied with the complaint as it stands?  I'm not sure what you're telling

>me.
>
>MR. SHEAROUSE: Yes, your Honor. So, essentially, we – our position is is [sic] that Mastronardi LTD is the appropriate defendant for that. We – if the Court would find that as a joint employer, MB, MPUSA should be amended, we would, obviously, add that in.
>
>THE COURT: I can't tell you what to do.

(7/25/24 Hrg. Tr.).

Defense counsel then stated, on the record, her belief that Plaintiff had sued the wrong entity in this case:

>Our position is, your Honor, that Mastronardi Produce Limited is not the proper employer. The proper employer and the current employer of the plaintiff is Mastronardi Produce USA, Inc., a Michigan corporation. MP Limited is a Canadian parent corporation. At no point was the plaintiff employed by the parent corporation, didn't work in Canada, wasn't paid by the Canadian entity, is paid by MPUSA, works out of the Livonia facility where MPUSA is headquartered, and that is the proper party.

(*Id.*). Defense counsel also stated that plaintiff's counsel has another case in this district, involving Plaintiff's sister. Plaintiff's counsel confirmed on the record that, the plaintiff in that case (Plaintiff's sister), changed the sole named Defendant from Mastronardi Produce, Ltd. to Mastronardi Produce-USA, Inc.. (*Id.*; *see also* Case Number 23-13313, *Tiara Williams v. Mastronardi Produce-USA, Inc.*).

In an Opinion and Order issued on August 22, 2024, this Court denied Defendant's motion and ruled that Plaintiff could pursue all of the claims asserted in her complaint in this civil action, as opposed to arbitration. Defendant's motion had also asserted that this action should be dismissed for lack of personal jurisdiction over the sole named Defendant. But the opening brief contained no real analysis of Defendant's contacts with Michigan (or lack thereof), as it maintained that, regardless of which entity Plaintiff sued, the claims in this case are subject

3

to arbitration. Given how these issues developed, this Court found the personal jurisdiction challenge unsupported. *This Court made no ruling regarding whether or not Plaintiff had sued the correct entity,* as that was not an issue before the Court in connection with either the motion to compel arbitration (under Fed. R. Civ. P. 12(b)(1) or the undeveloped personal jurisdiction challenge (under Fed. R. Civ. P. 12(b)(2)).

Beginning on August 23, 2024, the day after this Court's Opinion and Order was issued, defense counsel contacted Plaintiff's counsel via a series of emails, explaining its position that Plaintiff's complaint names the wrong entity, and asking if Plaintiff would agree to substitute Mastronardi Produce – USA, Inc. as the Defendant. (*See* ECF No. 14-2). Defense counsel further advised that it would file a motion under Fed. R. Civ. P. 12(c) if Plaintiff would not agree to do so.

On September 5, 2024, Defendant filed its Answer and Affirmative Defenses. (ECF No. 13). Defendant attached a Declaration of Krista Shaw to it, wherein she states that she is the Senior Director of Human Resources for Mastronardi Produce, Ltd. ("MPL") and that MPL is the parent organization for Mastronardi Produce – USA, Inc. ("MPUSA"). Shaw further states that: 1) MPUSA is a separate entity from MPL; 2) MPUSA maintains its own employment policies and practices, separate and distinct from MPL 3) MPL does not maintain substantial direct and immediate control of the terms and conditions of MPUSA's workforce; 4) MPUSA maintains its own books and records, separate and distinct from MPL; and 5) Plaintiff is not, and has never been, an employee of Mastronardi Produce, Ltd. (ECF No. 13-1).

On September 10, 2024, Defendant filed a "Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)." (ECF No. 14). In it, Defendant explains that it had sought

concurrence from Plaintiff before filing the motion and concurrence was denied. Defendant's motion relies on the Shaw Declaration and asserts that the sole named Defendant never employed Plaintiff and the claims against it must therefore be dismissed. The motion further asserts that, to the extent that Plaintiff is trying to assert some kind of veil-piercing claim to hold Defendant liable for the actions of Plaintiff's actual employer, there are no factual allegations in the Complaint to support such a theory and such a theory fails as a matter of law because an attempt to hold a corporate entity liable for actions of another corporate entity is a remedy, not a separate cause of action.

Plaintiff filed a brief in opposition to that motion, asserting that the motion should be denied. But she also asks, "in the alternative" (ie, if the Court is going to grant the motion), that she be permitted to file an amended complaint "to substitute Defendant with the employing entity." (ECF No. 16 at PageID.228).

That prompted this Court to issue an "Order Regarding Pending Motion" on October 8, 2024, that states:

> On September 10, 2024, Defendant filed a Motion for Judgment on the Pleadings. (ECF No. 14). Plaintiff filed a brief in opposition to that motion, asserting that the motion should be denied. But Plaintiff also asks, "in the alternative" (ie, if the Court is inclined to grant the motion), that she be permitted to file an amended complaint to add or substitute a Defendant. (ECF No. 16 at PageID.227-228).
> If Plaintiff wishes to file an amended complaint, she must either obtain Defendant's consent or leave of Court. Absent consent, Plaintiff must file a formal motion seeking leave to file an amended complaint and, pursuant to the local rules, must attach her proposed amended complaint to that motion. The Sixth Circuits disfavor of "alternative references" to amending a complaint, in lieu of a properly filed motion for leave to amend, was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). Simply stated, Plaintiff is not "entitled to an advisory opinion from the Court" on the pending motion, and then an opportunity to amend, if the motion is granted.

IT IS SO ORDERED.

(ECF No. 19) (emphasis added).

Thereafter, on October 11, 2024, Plaintiff's counsel filed "Plaintiff's Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion To Dismiss." (ECF No. 20). In it Plaintiff asks that she "be allowed to amend her Complaint to name 'Mastronardi Produce-USA, Inc." as a Defendant "*should the Court agree with the Defendant's arguments presented"* in Defendant's pending motion. (*Id.* at PageID.256) (emphasis added). The Question Presented in Plaintiff's motion is stated as follows:

> Should Plaintiff be permitted to amend her complaint to substitute Mastronardi Produce, Ltd., *should the Court agree with Defendant's second attempt to dismiss?*
>
> Plaintiff answers "Yes."
>
> Defendant would answer "No."

(*Id.* at PageID.258) (emphasis added). Thus, Plaintiff filed what Defendant appropriately characterizes as a "conditional motion to amend." The motion does not contain a statement, as required by Local Rule 7.1(a), stating that Plaintiff's counsel sought concurrence from opposing counsel before filing the motion.

Defendant filed a brief opposing Plaintiff's Conditional Motion to Amend. (ECF No. 22). Plaintiff then filed a reply brief once again stating that "the relief of amending the Complaint is only being requested in the alternative to the relief requested in Plaintiff's response to Defendant's second motion to dismiss." (ECF No. 24 at PageID.354).

**ANALYSIS**

**I.     The Court Denies Plaintiff's "Conditional" Motion To Amend.**

This Court denies Plaintiff's "conditional" motion to amend, for several reasons.

First, this Court is not aware of any authority that allows a party to file a "conditional" motion to amend. Motions to Amend are governed by Fed. R. Civ. P. 15 and Local Rule 15.1. Fed. R. Civ. P. 15 provides that, at this stage of the litigation, Plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave." Local Rule 15.1 provides that a "party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Neither rule authorizes a plaintiff to file a "conditional motion" and this Court is not of aware of any other authority that allows for the filing of such a conditional motion.

To the extent that Plaintiff's counsel somehow construed this Court's October 8, 2024 order as inviting or authorizing such a conditional motion, they are mistaken. This Court's order was intended to apprise Plaintiff that she has a choice as to how to proceed – either respond to the pending dispositive motion and have the Court make its ruling or file a motion to amend.

Second, Plaintiff did not seek concurrence from defense counsel prior to filing this motion, in violation of Local Rule 7.1(a). Plaintiff's counsel is aware of this district's local concurrence rule – as he referenced it during the email exchange with defense counsel. (*See* ECF No. 14-2 at PageID.193). And given the circumstances here, where defense counsel has actually been asking Plaintiff to amend her complaint in order to name the entity it contends is Plaintiff's actual employer, compliance with the concurrence rule is especially important. Yet Plaintiff's counsel did not seek concurrence before filing this motion. That alone warrants denial of this motion. *See* Local Rule 7.1(a)(3) (The court may impose sanctions for violating this rule, including "denying the motion, and striking the filing.").

Third, the proposed amended pleading appears futile. A proposed amended complaint is

7

futile if it fails to state a plausible claim for relief. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

Plaintiff's original complaint listed "Mastronardi Produce, LTD dba Sunset Foods" as the sole Defendant in its caption. It identified that entity as a "Canadian corporation" (Compl. at ¶ 2) and Plaintiff alleges that she "worked for Sunset." (Compl. at ¶ 8).

Plaintiff's proposed Amended Complaint identifies "Mastronardi Produce–USA, Inc." as the sole Defendant in the caption. (ECF No. 20-1 at PageID.254). Although Mastronardi Produce–USA, Inc. is a Michigan corporation, this proposed pleading alleges it is a Canadian Corporation. (*Id*. at PageID.264, ¶ 2). The proposed Amended Complaint notably continues to allege that Plaintiff "worked for Sunset" although there is no such entity named as a Defendant in the caption[1] or referenced anywhere else in the body of this proposed pleading. (*Id*. at PageID.265 at ¶ 8).

Accordingly, for all of these reasons, the Court denies Plaintiff's "Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion To Dismiss" (ECF No. 20).[2]

**II.    The Court Shall Convert Defendant's Motion For Judgment On The Pleadings Into A Motion For Summary Judgment.**

Defendant's Motion for Judgment on the Pleadings is brought under Fed. R. Civ. P.

---

[1] Fed. R. Civ. P. 10(a) requires that "[e]very pleading must have a caption," and the "title of the complaint must name all the parties."

[2] To be clear, this Court is not prohibiting Plaintiff from filing a proper motion seeking leave to amend. But the Court will not consider any kind of "conditional" motion and counsel must strictly comply with Local Rule 7.1's concurrence provisions should Plaintiff decide to file a proper motion to amend.

12(c). This rule governs motions for judgment on the pleadings and provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such motions are analyzed using the same standards that apply to review of motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Moderwell v. Cuyahoga Cnty., Ohio*, 997 F.3d 653, 659 (6th Cir. 2021). All "well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Professional Radiology, Inc.*, 864 F.3d 463, 466 (6th Cir. 2017). But the Court need not accept as true legal conclusions or unwarranted factual inferences. *Moderwell, supra*, at 559. A Rule 12(c) motion is properly granted when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id*.

Fed. R. Civ. P. 12(d) provides that "[i]f, on a motion under Rule 12(c)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, Defendant's motion is based on the Shaw Declaration that Defendant attached to its Answer and Affirmative Defenses. The parties disagree as to whether this Court can consider that declaration in considering a motion that challenges the pleadings.

An answer "is a pleading under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a)." *Talmer Bank and Trust v. Malek*, 651 F. App'x 438, 441 (6th Cir. 2016). Pursuant to Fed. R. Civ. P. 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, Defendant contends that the Court may consider Shaw's

9

Declaration in ruling on the pending motion.

But "[t]here is no uniform rule among the circuits with respect to whether an affidavit [or declaration] attached as an exhibit to a pleading is a 'written instrument' such that it may be considered by a district court in resolving a Rule 12(b)(6) or Rule 12(c) motion." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). As Plaintiff notes, some circuits have found that an affidavit or declaration is not a "written instrument" within the meaning of Rule 10(c) and have therefore ruled that affidavits/declarations should not be considered in analyzing a 12(b)(6) or 12(c) motion because doing so "would blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted." *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989); *see also Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015). The Seventh Circuit has reached the opposite conclusion, concluding that the term "written instrument" as used in Rule 10(c) includes documents such as affidavits or declarations. *Northern Indiana Gun & Outdoor Shows, Inc. v City of South Bend,* 163 F.3d 449, 452-53 (7th Cir. 1998). Thus, the Seventh Circuit would consider Shaw's Declaration. The parties have not directed the Court to any Sixth Circuit authority on this issue, however, and this Court has not been able to locate any either.

Under the circumstances presented here (ie., with a narrow threshold issue to be determined in a nearly year-old case that has not yet had a scheduling conference) the Court chooses to convert Defendant's pending Motion for Judgment on the Pleadings into a summary judgment motion under Rule 56. Pursuant to Fed. R. Civ. P. 12(d), the Court will allow both parties the opportunity to present outside materials that are relevant to the narrow issue before

the Court.[3]

## CONCLUSION & ORDER

Accordingly, for the reasons set forth above, the Court **ORDERS** that Plaintiff's "Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion To Dismiss" (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's pending Motion for Judgment on the Pleadings (ECF No. 14) shall be treated as a summary judgment motion and the Court shall consider matters outside of the pleadings. To that end, **no later than November 22, 2024, each party shall be permitted to file a supplemental brief (of no more than 10 pages), along with any matters outside of the pleadings that they wish the Court to consider in connection with the pending motion.**

The Court shall endeavor to keep the hearing date of December 5, 2024, at 3:00 p.m., for oral argument on Defendant's motion.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2024, by electronic and/or ordinary mail.

---

[3] Even if she has not yet engaged in discovery, it would appear that Plaintiff would have evidence in her possession as to the entity that employs her, such as paystubs and W-2 forms, other documents, personal knowledge about where she reported to work, etc.

s/Jennifer McCoy<br>
Case Manager