UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND WILLIAMS,

    Plaintiff,

v.                                                        Case No. 23-13302

MASTRONARDI PRODUCE,                Sean F. Cox
LTD., d/b/a SUNSET FOODS,            United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this action asserting employment discrimination claims against her alleged employer, Defendant "Mastronardi Produce Ltd., d/b/a Sunset Foods."  The matter is currently before the Court on Defendant's Motion for Judgment on the Pleadings, that this Court converted into a summary judgment motion, pursuant to Fed. R. Civ. P. 12(d).  The parties have since filed supplemental briefs, along with any matters outside of the pleadings that they wish the Court to consider.  The motion has been fully briefed and the Court concludes that oral argument would not be helpful.  Local Rule 7.1.  For the reasons that follow, the Court GRANTS Defendant's motion and dismisses all claims against Defendant Mastronardi Produce, Ltd. with prejudice.

**BACKGROUND**

On December 29, 2023, Plaintiff Diamond Williams ("Plaintiff") filed this suit against Defendant Mastronardi Produce, Ltd., a Canadian corporation (hereinafter "Mastronardi Canada"). The action was filed in federal court based upon both federal-question and diversity

1

jurisdiction. (Compl. at 2).

Plaintiff's Complaint includes the following six claims: 1) "Racial Discrimination in Violation of 42 USC § 1981" (Count I); 2) Race Discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count II); 3) Retaliation in Violation of the "ELCRA (Gender)" (Count III); 4) Retaliation in Violation of the "ELCRA (Race)" (Count IV); 5) "Gender/Sexual Harassment/Discrimination" in Violation of the ELCRA (Count V); and 6) Race Discrimination in Violation of the ELCRA (Count VI).

On March 3, 2024, Defendant filed a Motion to Compel Arbitration and Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2). (ECF No. 7). In it, Defendant asserted, as a factual matter, that Plaintiff had "sued the wrong entity." But Defendant argued that, regardless of which entity employs Plaintiff, her claims are subject to mandatory arbitration in any event because Plaintiff signed an agreement to arbitrate.

This Court heard oral argument on the motion on July 25, 2024. During oral argument, this Court inquired about Defendant's assertion that Plaintiff had sued the wrong entity in this case and asked if Plaintiff was seeking to amend:

> THE COURT: I want to deal with . . . the assertion that the plaintiff sued the wrong entity. I'm not sure of the plaintiff's position. Do you need to amend or are you satisfied with the complaint as it stands? I'm not sure what you're telling me.
>
> MR. SHEAROUSE: Yes, your Honor. So, essentially, we – our position is is [sic] that Mastronardi LTD is the appropriate defendant for that. We – if the Court would find that as a joint employer, MB, MPUSA should be amended, we would, obviously, add that in.
>
> THE COURT: I can't tell you what to do.

(7/25/24 Hrg. Tr.).

Defense counsel then stated, on the record, her belief that Plaintiff had sued the wrong

2

entity in this case:

> Our position is, your Honor, that Mastronardi Produce Limited is not the proper employer. The proper employer and the current employer of the plaintiff is Mastronardi Produce USA, Inc., a Michigan corporation. MP Limited is a Canadian parent corporation. At no point was the plaintiff employed by the parent corporation, didn't work in Canada, wasn't paid by the Canadian entity, is paid by MPUSA, works out of the Livonia facility where MPUSA is headquartered, and that is the proper party.

(*Id*.). Defense counsel also stated that Plaintiff's counsel has another case in this district, involving Plaintiff's sister. Plaintiff's counsel confirmed on the record that, the plaintiff in that case (Plaintiff's sister), changed the sole named Defendant from Mastronardi Canada to Mastronardi Produce-USA, Inc.. (*Id*.; *see also* Case Number 23-13313, *Tiara Williams v. Mastronardi Produce-USA, Inc.*).

In an Opinion and Order issued on August 22, 2024, this Court denied Defendant's motion and ruled that Plaintiff could pursue all of the claims asserted in her complaint in this civil action, as opposed to arbitration. Defendant's motion had also asserted that this action should be dismissed for lack of personal jurisdiction over the sole named Defendant. But the opening brief contained no real analysis of Defendant's contacts with Michigan (or lack thereof), as it maintained that, regardless of which entity Plaintiff sued, the claims in this case are subject to arbitration. Given how these issues developed, this Court found the personal jurisdiction challenge unsupported. *This Court made no ruling regarding whether or not Plaintiff had sued the correct entity,* as that was not an issue before the Court in connection with either the motion to compel arbitration (under Fed. R. Civ. P. 12(b)(1) or the undeveloped personal jurisdiction challenge (under Fed. R. Civ. P. 12(b)(2)).

Beginning on August 23, 2024, the day after this Court's Opinion and Order was issued,

3

defense counsel contacted Plaintiff's counsel via email, explaining its position that Plaintiff's complaint names the wrong entity, and asking if Plaintiff would agree to substitute Mastronardi Produce – USA, Inc. as the Defendant. (*See* ECF No. 14-2). Defense counsel further advised that it would file a motion under Fed. R. Civ. P. 12(c) if Plaintiff would not agree to do so.

On September 5, 2024, Defendant filed its Answer and Affirmative Defenses. (ECF No. 13). Defendant attached a Declaration of Krista Shaw to it, wherein she states that she is the Senior Director of Human Resources for Mastronardi Canada and that entity is the parent organization for Mastronardi Produce – USA, Inc. ("Mastronardi USA"). Shaw's Declaration further states that: 1) Mastronardi USA is a separate entity from Mastronardi Canada; 2) Mastronardi USA maintains its own employment policies and practices, separate and distinct from Mastronardi Canada 3) Mastronardi Canada does not maintain substantial direct and immediate control of the terms and conditions of Mastronardi USA's workforce; 4) Mastronardi USA maintains its own books and records, separate and distinct from Mastronardi Canada; and 5) Plaintiff is not, and has never been, an employee of Mastronardi Canada. (ECF No. 13-1).

On September 10, 2024, Defendant filed a "Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)." (ECF No. 14). In it, Defendant explains that it had sought concurrence from Plaintiff before filing the motion and concurrence was denied. Defendant's motion relies on the Shaw Declaration and asserts that the sole named Defendant never employed Plaintiff and the claims against it must therefore be dismissed. The motion further notes that Plaintiff's actual employer, Mastronardi USA is not referenced anywhere in Plaintiff's complaint. It also asserts that, to the extent that Plaintiff is trying to assert some kind of veil-piercing claim to hold Defendant liable for the actions of Plaintiff's actual employer, there are no

factual allegations in the Complaint to support such a theory and such a theory fails as a matter of law because an attempt to hold a corporate entity liable for actions of another corporate entity is a remedy, not a separate cause of action.

Plaintiff filed a brief in opposition to that motion. (ECF No. 16). Plaintiff did not attach any exhibits to her response and, therefore, she did not submit any matters outside of the pleadings in relation to the motion. In her response brief, Plaintiff acknowledged that her "complaint pleads that she was employed by" Mastronardi Canada and asserted that the motion should be denied because "viewing the facts in a light most favorable to Plaintiff," Mastronardi [Canada] is Plaintiff's employer." (Pl.'s Br., ECF No. 16, at PageID.227 & 234). But she also asked, "in the alternative" (ie, if the Court is going to grant the motion), that she be permitted to file an amended complaint "to substitute Defendant *with the employing entity*." (ECF No. 16 at PageID.228) (emphasis added).

That prompted this Court to issue an "Order Regarding Pending Motion" on October 8, 2024, stating:

> On September 10, 2024, Defendant filed a Motion for Judgment on the Pleadings. (ECF No. 14). Plaintiff filed a brief in opposition to that motion, asserting that the motion should be denied. But Plaintiff also asks, "in the alternative" (ie, if the Court is inclined to grant the motion), that she be permitted to file an amended complaint to add or substitute a Defendant. (ECF No. 16 at PageID.227-228).
> If Plaintiff wishes to file an amended complaint, she must either obtain Defendant's consent or leave of Court. Absent consent, Plaintiff must file a formal motion seeking leave to file an amended complaint and, pursuant to the local rules, must attach her proposed amended complaint to that motion. The Sixth Circuit's disfavor of "alternative references" to amending a complaint, in lieu of a properly filed motion for leave to amend, was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). Simply stated, Plaintiff is not "entitled to an advisory opinion from the Court" on the pending motion, and then an opportunity to amend, if the motion is granted.

5

      IT IS SO ORDERED.

(ECF No. 19) (emphasis added).

Thereafter, on October 11, 2024, Plaintiff's counsel filed "Plaintiff's Motion For Leave To File Amended Complaint In Alternative Response To Defendant's Second Motion To Dismiss." (ECF No. 20).

In an Opinion and Order issued on November 8, 2024, this Court denied Plaintiff's motion, for several reasons, including not seeking concurrence before filing that motion, as required by Local Rule 7.1(a). (ECF No. 25). This Court also stated: "To be clear, this Court is not prohibiting Plaintiff from filing a proper motion seeking leave to amend." (*Id*. at 8 n.2).

In that same November 8, 2024 Opinion and Order, this Court explained that it would convert Defendant's pending Motion for Judgment as a Matter of Law into a summary judgment motion:

> Under the circumstances presented here (ie., with a narrow threshold issue to be determined in a nearly year-old case that has not yet had a scheduling conference) the Court chooses to convert Defendant's pending Motion for Judgment on the Pleadings into a summary judgment motion under Rule 56. Pursuant to Fed. R. Civ. P. 12(d), the Court will allow both parties the opportunity to present outside materials that are relevant to the narrow issue before the Court.

(*Id*. at 10). This Court ordered that "not later than November 22, 2024, each party shall be permitted to file a supplemental brief (of no more than 10 pages), along with any matters outside of the pleadings that they wish the Court to consider in connection with the pending motion." (*Id*. at 11).

Thereafter, Plaintiff did not file a new motion seeking leave to file an amended complaint.

6

Rather, Plaintiff filed a supplemental brief on November 22, 2024, and attached the matters outside of the pleadings that she wishes the Court to consider: 1) four pages of a deposition transcript of an individual named Johnny Galarza, taken in another case in this district, wherein Galarza testified that he works for "Mastronardi Produce," and that he does not know the full legal name of the entity that employs him. (Pl.'s Ex. A); and 2) four pages of a deposition transcript of an individual named Kara Yeager, taken in another case in this district, wherein Yeager testified that she is aware there are two different entities, that she believes that she works for the "USA entity," but is unsure. (Pl.'s Ex. B).

In addition to the Shaw Declaration that its motion was based upon, Defendant's supplemental brief attached additional matters outside of the pleadings. Those submissions include: 1) Plaintiff's W-2 Wage and Tax Statements from 2020, 2021, 2022, and 2023, all identifying Plaintiff's employer as "Mastronardi Produce-USA, Inc.," located at 28700 Plymouth Road Livonia, MI 48150" (ECF No. 27-4); and 2) an exhibit of multiple paystubs for Plaintiff, including a recent one for the period ending November 2, 2024, identifying Plaintiff's employer as Mastronardi Produce-USA, Inc. (ECF No. 27-5).

Defendant also submitted a "Supplemental Declaration Of Krista Shaw" that states, in pertinent part:

1. My name is Krista Shaw and I have personal knowledge of the facts stated herein and verify that they are true and correct.

2. I an the Senior Director of Human Resources for Mastronardi Produce, Ltd. ("Mastronardi Canada").

3. Mastronardi Canada is the parent organization for Mastronardi Produce-USA, Inc. ("Mastronardi USA").

(ECF No. 27-6 at PageID.416-17). It further states: "I have reviewed Plaintiff's complaint in the

7

above-captions matter," and "[a]ll of the individuals named in factual allegations of Plaintiff's complaint which form the basis of her claims are current or former employees of Mastronardi USA," including:

6. Jeff Emberton, first named in paragraph 11 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

7. Margherita Hays first named in paragraph 12 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

8. Johnny Galarza, first named in paragraph 14 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

9. Rick Patino, first named in paragraph 38 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

10. Chris Felosak, first named in paragraph 58 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

11. Senior Manager West, first named in paragraph 77 of Plaintiff's complaint, is employed by Mastronardi USA, and has never been employed by Mastronardi Canada.

(*Id.* at PageID.417-18).

**STANDARD OF DECISION**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, the Court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Babb v. Maryville*

8

*Anesthesiologists, P.C.*, 942 F.3d 308, 318 (6th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

As the party bringing the summary judgment motion, Defendant Mastronardi Canada "has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its claims, summary judgment is appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[1]

## ANALYSIS

In its motion, Defendant asserts that "because Mastronardi Canada is not Plaintiff's employer, it cannot be called to defend or be held liable for any of the allegations set forth in Plaintiff's complaint, and Plaintiff has not pleaded a basis to conclude otherwise." (Def.'s Br. at 1).

Generally, a defendant may be held liable under employment discrimination statutes like Title VII and Michigan's ELCRA only if the defendant was the plaintiff's actual or formal employer. *See* 42 U.S.C. § 2000e-2(a) (Title VII); *Morris v. Oldham Cty. Fiscal Ct.,* 201 F.3d 784, 795 (6th Cir. 2000) (noting that "Congress chose to limit Title VII liability to employers only"); Mich. Comp. Laws § 37.2202(1) (The ELCRA prohibits "an employer" from

---

[1]When a non-movant contends that it lacks sufficient discovery to respond to a summary judgment motion, the Federal Rules of Civil Procedure provide an avenue for relief. *See* Fed. R. Civ. P. 56(d). Plaintiff has not attempted to avail herself of that avenue for relief and has not submitted a Rule 56(d) affidavit.

9

discriminating against individuals).

A defendant that does not directly employ a plaintiff may still be held liable under the "joint-employer" doctrine. Under this theory, "[o]ne entity is the joint employer of another entity's formal employees, and thus liable under federal and state anti-discrimination laws, if the two 'share or co-determine those matters governing essential terms and conditions of employment.'" *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 492 (6th Cir. 2011) (quoting *Carrier Corp. v. NLRB,* 768 F.2d 778, 781 (6th Cir. 1985) (internal quotation marks omitted)). "The major factors in this determination are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Id.*

I.   **The Evidence Establishes That Mastronardi Canada Is Not Plaintiff's Actual Employer.**

Plaintiff's original complaint is the operative complaint in this case. Plaintiff lists only Mastronardi Canada as the sole defendant in this case in the caption of the complaint.[2] The body of the complaint also identifies Mastronardi Canada as the sole defendant in this case. Plaintiff alleges that she was "first employed by Defendant on or about February 4, 2020" (Compl. at ¶ 7) and alleges that, at all material times, "Defendant was her employer." (Compl. at ¶ 108). Thus, Plaintiff's complaint alleges that Defendant Mastronardi Canada is Plaintiff's actual or formal employer. Plaintiff's response brief argues the same. (ECF No. 16 at PageID.237, arguing "Plaintiff properly pled that Defendant is her employer."). Plaintiff's response to Defendant's motion similarly asserts that "viewing the facts in a light most favorable to Plaintiff," Mastronardi Canada "is Plaintiff's employer." (ECF No. 16 at PageID.227).

From the outset of this case, Defendant Mastronardi Canada has maintained that it is not

---

[2]Under Fed. R. Civ. P. 10(a), the caption of the complaint must name all parties.

Plaintiff's employer and that Plaintiff is actually employed by Mastronardi USA.

Mastronardi Canada contends that it is entitled to summary judgment on all of Plaintiff's claims in this case because the undisputed evidence establishes that Plaintiff is employed by Mastronardi USA. In support of that argument, Mastronardi Canada directs the Court to evidence such as Krista Shaw's Declarations. Shaw is the Senior Director of Human Resources for Mastronardi Canada and her Declaration states, under the penalty of perjury, that: 1) Mastronardi USA is a separate entity from Mastronardi Canada, and maintains its own employment policies and practices, separate and distinct from Mastronardi Canada; and 2) Plaintiff is not, and has never been, an employee of Mastronardi Canada. (ECF No. 13-1).

Defendant also directs the Court to: 1) Plaintiff's W-2 Wage and Tax Statements from 2020, 2021, 2022, and 2023, that all identify Plaintiff's employer as "Mastronardi Produce-USA, Inc.," located at 28700 Plymouth Road Livonia, MI 48150" (ECF No. 27-4); and 2) multiple paystubs for Plaintiff, including a recent one for the period ending November 2, 2024, all identifying Plaintiff's employer as Mastronardi Produce-USA, Inc. (ECF No. 27-5). Defense counsel also direct the Court to Plaintiff's apparent acknowledgment that Mastronardi USA is Plaintiff's actual "employing entity." (*See* ECF No. 16 at PageID.228).

To counter all of that evidence, Plaintiff submitted 8 pages of deposition transcripts, from another case in this district, wherein two individuals, who are not parties to this case, gave testimony indicating they are unsure of the name of the actual entity that employs them. That evidence is insufficient to create an issue of fact in this case that Defendant Mastronardi Canada is Plaintiff's actual or formal employer.

Accordingly, given that Plaintiff's complaint alleges that Defendant Mastronardi is

11

Plaintiff's actual or formal employer, and the undisputed evidence shows otherwise, Defendant Mastronardi is entitled to summary judgment in its favor as to all counts.

## II. Plaintiff's Complaint Does Not Allege That Mastronardi Canada Is Liable Under A Joint-Employer Theory Of Liability.

In opposing Defendant's motion, Plaintiff's supplemental brief argues that Defendant Mastronardi Canada "can be held liable as Plaintiff's *joint employer along with*" Mastronardi USA. (ECF No. 26 at PageID.371) (emphasis added). Plaintiff contends that she has "presented at least a question of fact" as to whether Mastronardi Canada "is *also* Plaintiff's employer." (*Id.* at PageID.372) (emphasis added). Thus, Plaintiff's supplemental brief reflects that Plaintiff is attempting to assert her employment discrimination claims in this case against Mastronardi Canada under a joint-employer theory of liability.

As Defendant notes in its briefs, however, Plaintiff's actual employer (Mastronardi USA) is not mentioned anywhere in Plaintiff's complaint. Notably, Plaintiff has not named her actual or formal employer (Mastronardi USA) as a defendant in this case. Moreover, Plaintiff's complaint does not allege that Mastronardi Canada can be held liable, along with Mastronardi USA, under a joint-employer theory of liability. Indeed, the words "joint-employer" do not appear anywhere in Plaintiff's complaint, and her complaint lacks factual allegations sufficient to assert a joint-employer theory of liability. That is, Plaintiff's complaint does not allege that Mastronardi Canada and Mastronardi USA are joint employers, and her complaint does not include factual allegations regarding the relevant factors that could support a joint-employer theory of liability.

Accordingly, Plaintiff has not plausibly pled that Mastronardi Canada can be held liable for her claims as a joint-employer. Thus, to the extent she seeks to assert her claims against

Mastronardi Canada under a joint-employer theory of liability, Plaintiff's claims are subject to dismissal for failure to state a claim.

### III. Any Attempt By Plaintiff To "Preemptively Pierce The Corporate Veil" Fails Too.

Unsure of why Plaintiff is proceeding as she is in this case, Defendant Mastronardi's motion also asserts that, to the extent Plaintiff is attempting to "preemptively pierce the corporate veil," that attempt fails as a matter of law also.

In support of this argument, Defendant notes that Plaintiff included the following paragraph in her complaint:

> 2. Defendant Mastronardi Produce, Ltd. ("Defendant") is a Canadian corporation that does business as 28700 Plymouth Rd, Livonia MI 48150, with its North American corporate headquarters located at 2100 Road 4 East Kingsville, ON N9Y 2E5, Canada. Defendant purports to have subsidiaries which are domestic entities, but, upon information and belief, all of the officers of its many subsidiaries work out of the Canadian headquarters.

(Compl. at ¶ 2). Given that single paragraph, Defendant believes that Plaintiff may be attempting to use the parent-subsidiary relationship as a cause of action. Defendant notes that "Michigan law respects the corporate form" and asserts that "an attempt to hold a corporate entity liable for actions of another corporate entity is a 'remedy,' 'not a separate cause of action.'" (Def.'s Br., ECF No. at PageID.185-86).

Plaintiff does not address this argument, in either her response brief (ECF No. 16) or her supplemental brief. (ECF No. 26). Rather, Plaintiff's response brief argues that she can bring her claims against Mastronardi Canada as Plaintiff's actual employer, and her supplemental brief argues that she can pursue her claims against Mastronardi Canada as her joint-employer, along with Mastronardi USA. Thus, Plaintiff does not oppose this challenge and does not appear to be attempting to assert a cause of action to preemptively pierce the corporate veil of Mastronardi

13

Canada in this case.

Nevertheless, the Court will address this challenge and agrees that any attempt by Plaintiff to preemptively pierce Mastronardi's corporate veil would fail too.

"Michigan law presumes that the corporate form will be respected." *Eplet, LLC v. DTE Pontiac North, LLC*, 984 F.3d 493, 499 (6th Cir. 2021) (citations omitted). "This presumption, often referred to as a 'corporate veil,' may be pierced only where an otherwise separate corporate existence has been used to subvert justice or cause a result that is contrary to some overriding public policy." *Seasword v. Hilti*, 449 Mich. 542, 548 (1995). However, piercing the corporate veil is not a cause of action under Michigan law. *Gallagher v. Persha*, 315 Mich.App. 647 , 891 N.W.2d 505, 509) (2016) (recognizing that under Michigan law, piercing the corporate veil "is a remedy, and not a separate cause of action."); *see also Product Solutions Int'l v. Aldez Containers, LLC,* 46 F.4th 454, 459 (6th Cir. 2002) (declining to allow party to "preemptively" seek to pierce the corporate veil where the complaint "does not allege any wrongdoing by" the named entity "and corporate veil piercing is not a cause of action under Michigan law," and dismissing for failure to state a claim).

## CONCLUSION & ORDER

For the reasons above, it is **ORDERED** that Defendant's motion is **GRANTED** and Plaintiff's claims against Mastronardi Produce, Ltd. are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 2, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2024, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager